UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIANNA AGARDI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>　　　　Defendant. | Case No.  16-cv-03315-JCS<br><br>**ORDER DISMISSING COMPLAINT UNDER 28 U.S.C. § 1915 WITH LEAVE TO AMEND** |

## I.　INTRODUCTION

Plaintiff Juliana Agardi filed this pro se action against Defendant City and County of San Francisco. She consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c) on August 12, 2016. Plaintiff's complaint includes lengthy allegations about individuals who apparently are employed by A Woman's Place Drop-In Center, "operated by C.A.T.S." It also includes allegations that she was twice formally denied service for a period of thirty days on the basis of racial or sexual comments that were deemed inappropriate. Plaintiff is white and alleges that 94% of the employees are black. She lists numerous state statutes and common law claims, as well as several civil rights statutes, including 42 U.S.C. § 1983 and Title VII.

Having previously granted Plaintiff's Application to Proceed in Forma Pauperis, the Court now considers whether Plaintiff's Complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B), which requires dismissal of an in forma pauperis complaint that is (1) frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. *See Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996). For the reasons stated below, the Court dismisses Plaintiff's complaint with leave to

amend. The Case Management Conference set for **September 23, 2016** is vacated.

## II.   ANALYSIS

### A.   Legal Standard under 28 U.S.C. § 1915

If a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is permitted to proceed in forma pauperis, the court must undergo a preliminary screening of the complaint and dismiss any claims which: (1) are frivolous and malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief.  § 1915(e)(2)(B); *see Marks*, 98 F.3d at 495.  A complaint is "frivolous" under § 1915 where it is "lacking arguable basis in law or in fact" and a complaint may be frivolous where there is no subject matter jurisdiction.  *See Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 1987).

To state a claim for relief, a plaintiff must make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Diaz v. Int'l Longshore and Warehouse Union, Local 13*, 474 F.3d 1202, 1205 (9th Cir. 2007).  In determining whether a plaintiff fails to state a claim, the court takes "all allegations of material fact as true and construe[s] them in the light most favorable to the nonmoving party." *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007).  However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions [and] mere conclusory statements," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010) (internal quotation marks omitted).  The complaint need not contain "detailed factual allegations," but must allege facts sufficient to "state a claim to relief that is plausible on its face." *Id.* at 678 (citing *Twombly*, 550 U.S. at 570).

Where the complaint has been filed by a pro se plaintiff, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  "A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies in the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded on other grounds*

*by statute*, *as recognized in Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc); *see also Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc).

### B.  Subject Matter Jurisdiction

As a preliminary matter, the Court addresses whether it has subject matter jurisdiction over this action. "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *A-Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003). "Generally, original federal subject matter jurisdiction may be premised on two grounds: (1) diversity jurisdiction; or (2) federal question jurisdiction." *Rector v. Toyota Motor Credit Corp.*, No. 13-400 (KJN), 2013 WL 1331447, at *3 (E.D. Cal. 2013); *see also* 28 U.S.C. §§ 1331-1332.

Federal courts have diversity jurisdiction only where there is complete diversity of citizenship—no plaintiff is a citizen of the same state as any defendant—and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332; *see Matao Yokeno v. Sawako Sekiguchi*, 754 F.3d 649, 652 (9th Cir. 2014). Here, the allegations in the Complaint indicate that both Plaintiff and Defendant are citizens of California. *See Moor v. Alameda Cty.*, 411 U.S. 693, 721 (1973) (holding that a California county is a citizen of California for purposes of diversity jurisdiction). Therefore, there is federal jurisdiction in this action only if Plaintiff has stated a valid claim under federal law. *See* 28 U.S.C. § 1331 (providing that federal courts may exercise federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States"). As discussed below, Plaintiff has not done so.

### C.  Whether Plaintiff Has Stated a Viable Claim Under Federal Law

Plaintiff lists the following federal statutes in her Complaint: 1)  42 U.S.C. § 1983; 2) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; 3) 42 U.S.C. § 1981; and  4) 42 U.S.C. § 1986.  Plaintiff does not state a viable claim under any of these statutes.

First, because all of the conduct alleged in the Complaint was by private actors and there is no allegation of joint action with a state actor, Plaintiff fails to state a claim under 42 U.S.C. §§ 1983 or 1986. *See Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir.2003) ("While generally not applicable to private parties, a § 1983 action can lie against a private party when he is a willful participant in joint action with the State or its agents." (internal quotation marks and citation

3

1  omitted)); *Cerrato v. San Francisco Cmty. Coll. Dist*., 26 F.3d 968, 972 (9th Cir. 1994) ("Section
2  1986 authorizes a remedy against state actors who have negligently failed to prevent a conspiracy
3  that would be actionable under § 1985."). The Court notes that although Plaintiff names the City
4  and County of San Francisco as the sole defendant in the case, she alleges no facts that relate to
5  any conduct on the part of the City and County of San Francisco; nor does she allege that A
6  Woman's Place Drop-In Center is operated by the City and County of San Francisco. To the
7  contrary, she alleges that it is operated by C.A.T.s.

8  Second, Title VII of the Civil Rights Act prohibits discrimination in employment practices
9  but Plaintiff does not allege that she was employed by any of the individuals or entities referenced
10 in the complaint. Instead, she alleges that she has been "staying at" A Woman's Drop-In Center.

11 Third, while the Supreme Court has held that 42 U.S.C. § 1981 "is applicable to racial
12 discrimination in private employment against white persons," *McDonald v. Santa Fe Trail Transp.*
13 *Co*., 427 U.S. 273, 286–87 (1976)*,* Plaintiff has not alleged the existence of any employment
14 relationship, as discussed above. Nor has she pointed to any other "right . . . to make and enforce
15 contracts" that has been denied on the basis of her race. 42 U.S.C. § 1981.

16 Accordingly, the Court concludes that Plaintiff has not stated a viable claim under any of
17 the federal statutes she has invoked and therefore that the Court lacks subject matter jurisdiction
18 over this action.

### III.    CONCLUSION

20 For the reasons stated above, the Complaint is dismissed with leave to amend within thirty
21 (30) days of the date of this Order. Plaintiff, who is not represented by counsel, is encouraged to
22 consult with the Federal Pro Bono Project's Legal Help Center in either of the Oakland or San
23 Francisco federal courthouses for assistance if he continues to prosecute this action. The San
24 Francisco Legal Help Center office is located in Room 2796 on the 15th floor at 450 Golden Gate
25 Avenue, San Francisco, CA 94102. The Oakland office is located in Room 470-S on the 4th floor
26 at 1301 Clay Street, Oakland, CA 94612. Appointments can be made by calling (415) 782-8982
27 or signing up in the appointment book located outside either office, and telephone appointments
28 are available. Lawyers at the Legal Help Center can provide basic assistance to parties

representing themselves but cannot provide legal representation.

**IT IS SO ORDERED.**

Dated: September 8, 2016

_____
JOSEPH C. SPERO
Chief Magistrate Judge